CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 08 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ALVION CASHION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:17-CV-00004 |
| | ) | |
| v. | ) | |
| | ) | |
| JACK LEE, et al., | ) | By:  Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Middle River Regional Jail Authority's ("MRRJA") Motion to Dismiss for Failure to State a Claim, ECF No. 30, which seeks dismissal of Count III of plaintiff Alvion Cashion's ("Cashion") First Amended Complaint for Monetary Damages and Equitable Relief (the "FAC"), ECF No. 26. MRRJA argues that Claim III, the only claim pled against it, is time barred or, in the alternative, MRRJA is entitled to sovereign immunity. As MRRJA's statute of limitations defense requires adjudication of Count IV of the FAC, in which Cashion asks the court to declare that Virginia Code § 8.01-243.2 violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, the court will also decide Count IV. For the reasons described below, the court **GRANTS** MRRJA's motion to dismiss, **DISMISSES** Counts III and IV of the FAC **WITH PREJUDICE**, and **DENIES AS MOOT** MRRJA's Motion to Submit Supplemental Authority, ECF No. 47.

## I. Background

Cashion's initial Complaint for Monetary Damages (the "Complaint"), ECF No. 1, sought damages against defendants MRRJA, Jack Lee ("Lee"), in his individual capacity as superintendent of MRRJA, and Dr. Moises Quiñones ("Quiñones"), in his individual capacity as a doctor at MRRJA.[1] Cashion alleged that Lee unlawfully instituted a policy of denying antipsychotic prescription medication to inmates. FAC ¶ 13. Quiñones allegedly knew that Cashion had a severe mental illness and been prescribed certain antipsychotic medication. Because of Lee's policy, however, Cashion claims that Quiñones never prescribed that medication or ensured that Cashion would be evaluated by another qualified medical professional. FAC ¶¶ 33, 38.

Notably, Cashion was incarcerated at MRRJA from approximately October 17, 2015 through December 11, 2015. FAC ¶ 28. Cashion filed his Complaint on January 31, 2017. MRRJA filed a Motion to Dismiss, ECF No. 19, contending that Cashion's claims against MRRJA were time barred by Virginia Code § 8.01-243.2, which prescribes a one-year statute of limitations for claims "relating to the conditions of [a prisoner's] confinement." Va. Code § 8.01-243.2 Because Cashion filed suit on January 31, 2017, more than one year after Cashion was last allegedly denied antipsychotic medication, MRRJA argued that his claims against it were untimely.

Rather than aver that a different statute of limitations applies to his claims, Cashion contends that Virginia Code § 8.01-243.2 offends the Equal Protection Clause of the Fourteenth Amendment. Cashion filed the FAC, which added Count IV, a claim seeking

---

[1] All facts herein are taken from the FAC. On a motion to dismiss, the court takes as true all allegations. See Cooper v. Pate, 378 U.S. 546, 546 (1964) (per curiam).

declaratory judgment that Virginia Code § 8.01-243.2 is unconstitutional and appropriate injunctive relief.

Cashion also filed a notice under Federal Rule of Civil Procedure 5.1, which notified the Commonwealth of Virginia of his challenge to the constitutionality of Virginia Code § 8.01-243.2. MRRJA renewed its motion to dismiss, and Virginia intervened to defend the constitutionality of Virginia Code § 8.01-243.2.

## II. Standard of Review

MRRJA moves to dismiss Count III under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] Rule 12(b)(6) permits a dismissal when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

A court must construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [a complaint's] legal conclusions." Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[2] MRRJA also moves to dismiss Count III for lack of subject matter jurisdiction, contending that it is protected from suit on Count III by qualified immunity. Because the court finds that Cashion's claims are time barred, it need not reach a decision on qualified immunity.

3

suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Only after a claim is stated adequately may it then "be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

A statute of limitations defense "must be raised by the defendant through an affirmative defense, and the burden of establishing the affirmative defense rests on the defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (internal citations omitted). When "facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss under Rule 12(b)(6). Id. These facts, however, must "clearly appear[] on the face of the complaint." Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).

### III. Virginia Code § 8.01-243.2

MRRJA contends, and Cashion does not contest, that Virginia Code § 8.01-243.2 governs the applicable limitations period for Count III. Virginia Code § 8.01-243.2 provides:

> No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.

Va. Code. Ann. § 8.01-243.2.

The Supreme Court of Virginia has held that Virginia Code § 8.01-243.2 applies to any action where: (1) a plaintiff was "'confined' at the time the cause of action accrued," and (2) "the cause of action . . . relate[s] to [a] plaintiff's 'conditions of confinement.'" Bing v. Haywood, 283 Va. 381, 385, 722 S.E.2d 244, 246 (2012) (citing Va. Code. Ann. § 8.01-243.2). Moreover, Virginia Code § 8.01-243.2's limitations period applies even if a "plaintiff

4

is no longer incarcerated at the time she files her action relating to conditions of her confinement." Lucas v. Woody, 287 Va. 354, 361, 756 S.E.2d 447, 450 (2014).

The FAC pleads that Cashion was confined at the time the cause of action—that is, the alleged refusal of MRRJA and its staff to provide antipsychotic medication—accrued, and the cause of action relates to his conditions of confinement. The court finds, and Cashion does not contest, that Virginia Code § 8.01-243.2 prescribes a one-year statute of limitations for Count III. From the face of the FAC, Cashion was released from MRRJA on December 11, 2015, the last date the alleged inadequate treatment and failure to provide medicine at MMRJA could have occurred. FAC ¶ 28. Under Virginia Code § 8.01-243.2, Cashion had until December 11, 2016 to file any complaint related to the conditions of his confinement. He instead dallied, filing this action on January 31, 2017—after the limitations period had expired. Virginia Code § 8.01-243.2 therefore provides that Count III is time barred.

### IV. Equal Protection Clause

Recognizing this, Cashion contends that Virginia Code § 8.01-243.2 offends the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The equal protection requirement does not take from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotations and citations omitted).

5

The elements of a successful equal protection claim are well settled. Cashion "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Kolbe v. Hogan, 849 F.3d 114, 146 (4th Cir. 2017) (en banc) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). If Cashion makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). At this step, "a court generally presumes that the statute is valid and will reject the challenge 'if the classification drawn by the statute is rationally related to a legitimate state interest.'" Kolbe, 849 F.3d at 146 (quoting City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985)). "To state an equal protection claim," Cashion "must plead sufficient facts to satisfy each requirement." Veney, 293 F.3d at 731. If Cashion fails at either step, the court must find that Virginia Code § 8.01-243.2 does not violate the Equal Protection Clause

### 1. Similarly Situated

First, Cashion must demonstrate that he is similarly situated to non-prisoners with respect to statutes of limitations. He fails. "The 'similarly situated' standard requires a plaintiff to identify persons materially identical to him or her who has received different treatment." Kolbe v. Hogan, 813 F.3d 160, 185 (4th Cir. 2016), vacated on other grounds, 849 F.3d 114 (4th Cir. 2017) (en banc). A plaintiff must produce evidence that "show[s] an extremely high degree of similarity." Id. (quoting Willis v. Town of Marshall, N.C., 275 F. App'x 227, 233 (4th Cir. 2008).

6

Applying this stringent standard, inmates have found it difficult to demonstrate that they are similarly situated even to other inmates. See, e.g., Beaman v. Deputy Dir., No. 7:12-cv-00163, 2012 WL 4460436, at *3 (W.D. Va. May 29, 2012) (finding it difficult to believe that inmates are ever similarly situated to other inmates vis-à-vis parole decisions); Slade v. Hampton Roads Reg'l Jail, 303 F. Supp. 2d 779, 782 (E.D. Va. 2004) (inmate awaiting trial not similarly situated to convicted inmates); Waters v. Bass, 304 F. Supp. 2d 802, 810 (E.D. Va. 2004) (state inmates not similarly situated to federal inmates). It follows, then, that "[p]risoners are not similarly situated to non-prisoners." Roller v. Gunn, 107 F.3d 227, 234 (4th Cir. 1997).

Moreover, "[t]he use of different statutes of limitations for different offenses does not create an invidious classification or burden a fundamental right." United States v. Ham, Nos. 99-4772, 99-4773, 2000 WL 346935, at *1 (4th Cir. 2000) (per curiam); see also Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 314 (1945) ("[S]tatutes of limitation go to matters of remedy, not to destruction of fundamental rights."). Instead, "[s]tatutes of limitations 'represent a public policy about the privilege to litigate' and 'find their justification in necessity and convenience . . . [in order to] spare the courts from litigation of stale claims." Dave & Buster's, Inc. v. White Flint Mall, LLLP, 616 F. App'x 552, 557 (4th Cir. 2015) (last two alterations in original) (quoting Chase Sec., 325 U.S. at 314).

With this in mind, the court has little trouble concluding that Cashion, whose claim against MRRJA relates to the conditions of his confinement, is not similarly situated to nonprisoners with person injury claims, whose claims are governed by Virginia Code § 8.01-243's two-year statute of limitations. On its face, Virginia Code § 8.01-243.2 only applies to

7

claims "relating to the conditions of . . . confinement." Va. Code Ann. § 8.01-243.2 Because "[p]risoners are not similarly situated to non-prisoners," Roller, 107 F.3d at 234, it follows that individuals who assert claims that necessarily arise from imprisonment are not similarly situated to individuals who assert claims that do not arise from imprisonment.

In an attempt to distinguish Roller, Cashion claims that the relevant comparison is not between prisoners and nonprisoners, but instead "free citizens who are injured while they are not confined and file suit while not confined" and "free citizens who were injured while confined and file suit while not confined." Pl.'s Resp. Opp. Def. MRRJA's Mot. Dismiss Compl. ("Opp."), ECF No. 35, at 24 (emphasis omitted).

Cashion misstates the relevant comparison. The initial inquiry examines the type of claim and the location of the plaintiff when the claim accrues. While it is true that Bing v. Haywood held that the location where a plaintiff is located at the time an action accrued is an element of Virginia Code § 8.01-243.2, it also held that for that statute to apply, the claim must "relate to [a] plaintiff's 'conditions of confinement.'" 283 Va. at 385, 722 S.E.2d at 246. The Commonwealth of Virginia may prescribe a different statute of limitations for claims related to conditions of confinement than it does for injuries suffered elsewhere.[3] See Ham, 2000 WL 346935, at *1. Indeed, it has done so here. Under Bing and Ham, a plaintiff prosecuting a claim governed by Virginia Code § 8.01-243.2 is only similarly situated to other

---

[3] By way of example, suppose that an individual breaches a written contract to which an inmate is a party, and the inmate is otherwise able to prove the elements for a breach of contract claim. Further, suppose that neither the breach nor the contract implicates the inmate's incarceration, yet the inmate sues while incarcerated. The court believes that Virginia Code § 8.01-246(2)'s five-year limitations period for contract actions would apply, not Virginia Code § 8.01-243.2. Even though the inmate was incarcerated when the claim accrued, the cause of action arose from an exogenous contract, not the conditions of the inmate's confinement.

8

plaintiffs whose actions (1) accrued while incarcerated, and (2) relate to the conditions of their confinement.

With that in mind, it is clear that Cashion, whose Claim III complains solely of the conditions of his confinement, is not similarly situated to other plaintiffs who complain of injuries suffered while not confined. Instead, Cashion is similarly situated only to other plaintiffs who complain of injuries based on the conditions of their confinement. Virginia Code § 8.01-243.2 treats every plaintiff alleging this type of injury identically. As Cashion has not demonstrated that he is similarly situated to plaintiffs asserting personal injury claims governed by Virginia Code § 8.01-243, his equal protection claim fails.

### 2. Rational Basis Review

Even if Cashion were able to establish that he is similarly situated to nonprisoners with regard to statues of limitations, Virginia Code § 8.01-243.2 easily withstands rational basis review. When "social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude, and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985) (internal citations omitted). "[U]nless a statute affects a fundamental right or some protected class, courts generally accord the legislation a 'strong presumption of validity' by applying a rational basis standard of review." Wilkins v. Gaddy, 734 F.3d 344, 347 (4th Cir. 2013) (quoting Heller v. Doe, 509 U.S. 312, 319 (1993)).

Heightened scrutiny only applies when a group of individuals is a suspect or quasi-suspect class or a fundamental right is involved. Cleburne, 473 U.S. at 439–40. A group is

only a suspect or quasi-suspect class when "it possesses immutable characteristics, faces historic or ongoing discrimination, or is subject to arbitrary burdens on some basis beyond its ability to control." Wilkins, 734 F.3d at 348 (citing Cleburne, 473 U.S. at 439–43). "Because breaking the law is a voluntary act and many prisoners will eventually be released, the 'status of incarceration is neither an immutable characteristic . . . , nor an invidious basis of classification.'" Id. (alteration in original) (quoting Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989)). Thus, prisoners are not a suspect class. Id.

As Cashion is not part of a suspect class and, as detailed above, Virginia Code § 801-243.2 does not implicate a fundamental right, rational basis review applies. Under rational basis review, Virginia Code § 801-243.2 "is accorded a strong presumption of validity" and "is presumed constitutional." Heller v. Doe, 509 U.S. 312, 319–20 (1993). Despite Cashion's contention that "the burden is on the government to demonstrate a rational basis," Opp. 24 (citing Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602–03 (2008)), it is Cashion who bears the burden "'to negative every conceivable basis which might support it,' whether or not the basis has a foundation in the record," Heller, 509 U.S. at 320–21 (quoting Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973)). The court is "compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends." Id. at 321.

The Commonwealth of Virginia, which intervened to defend the constitutionality of Virginia Code § 801.243-2, posits three reasons why the different limitations period for confinement-related injuries is warranted: "(1) preventing incarcerated persons from filing frivolous, stale, or fraudulent lawsuits; (2) preserving the State's finances; and (3) providing

10

shorter limitations periods to claims that are readily known to the claimant when the alleged injury occurs." Br. Commonwealth Va. Intervenor Defense Va. Code. § 8.01-243.2, ECF No. 39, at 7.

Any of these rationales, standing alone, is more than sufficient to satisfy the court that a rational basis exists for Virginia Code § 801.243.2. With respect to preventing frivolous lawsuits, the Fourth Circuit has noted that "prisoner litigation has assumed something of the nature of a 'recreational activity.'" Roller, 107 F.3d at 234 (citing Gabel v. Lynaugh, 835 F.2d 124, 125 n.1 (5th Cir. 1988)). The Commonwealth could have rationally determined that shortening the limitations period for purported injuries suffered due to confinement would help curb abuses found in prisoner litigation.

With respect to preserving the Commonwealth's finances, it is clear that a "litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant." Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980); see also Kissi v. Pramco II, LLC, No. 1:08cv1174 (GBL/JFA), 2009 WL 8637883, at *3 (E.D. Va. Mar. 4, 2009) (quoting Harrelson). The Commonwealth could have rationally determined that Virginia Code § 801.243-2 may stave off frivolous litigation and help preserve the Commonwealth's fisc.

Finally, with respect to providing shorter limitations periods for claims known to the claimant at the time the alleged injury occurred, the Supreme Court has noted that Section 1983 lawsuits predicated on prison conditions require a "specific deprivation of a single human need." Wilson v. Seiter, 501 U.S. 294, 305 (1991). The Commonwealth could have rationally determined that the shorter limitations period "properly accounts for the fact that

conditions-of-confinement claims do not take as long to surface as other personal-injury claims that arise outside of the prison context." Br. Commonwealth Va. Intervenor Defense Va. Code. § 8.01-243.2, ECF No. 39, at 12.

With these stated rationales in mind, "the equal protection claim is not a close one." Roller, 107 F.3d at 234. The court finds that the legislature's determination is entirely rational. Because Virginia Code § 8.01-243.2 has a rational basis, does not violate a fundamental right, and does not subject a suspect class to disparate treatment, the court holds that Virginia Code § 8.01-243.2 does not offend the Equal Protection Clause. Accordingly, Cashion's claims are time barred.

## V. Conclusion

Virginia Code § 8.01-243.2 passes constitutional muster. Because Cashion concedes that Virginia Code § 8.01-243.2's limitations period governs his claims, they are time barred. Accordingly, the Motion to Dismiss for Failure to State a Claim, ECF No. 30, will be **GRANTED**. Counts III and IV are **DISMISSED WITH PREJUDICE**. MRRJA's Motion to Submit Supplemental Authority, ECF No. 47, is **DENIED AS MOOT**.

Entered: 11-08-2017

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

12